### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRYSTAL JACKSON,** : | 3:02cv1729 |
| Plaintiff : | |
| : | (Judge Munley) |
| v. : | |
| : | |
| **COUNTY OF WAYNE,** : | |
| **acting in and through the** : | |
| **WAYNE COUNTY CHILDREN &** : | |
| **YOUTH SERVICES,** : | |
| Defendant : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Plaintiff Crystal Jackson, filed suit under 42 U.S.C. § 1983 against the Defendant, County of Wayne acting in and through the Wayne County Children & Youth Services. She asserts that the defendant violated her constitutional rights because they placed her with a foster father who sexually abused her. Before the court for disposition is the defendant's motion for summary judgment. The matter has been fully briefed and argued. It is thus ripe for disposition.

**Background**

Plaintiff was born on December 12, 1982. (Def. Ex. A, Pl. Dep. at 18). Her parents divorced when she was three years old. (Id.) Because plaintiff was having difficulty dealing with issues involving her parents' divorce, she and her mother began counseling with defendant in 1989. (Id. at 20-21). Throughout her teen years, plaintiff had a history of drug and alcohol use and running away from home. (Id. at 29 -30, 35). Finally, the defendant petitioned the Wayne County Court of Common Pleas, Juvenile Division, for a determination that plaintiff was a dependent[1] and to place her physical

---

[1]Under Pennsylvania law, a dependant child is defined as one who:
    (1) is without proper parental care or control, subsistence,
education as required by law, or other care or control necessary for
his physical, mental, or emotional health, or morals. A
determination that there is a lack of proper parental care or control

1

and legal custody with the Wayne County Children and Youth Services for appropriate treatment. (Def. Ex. D). The county obtained legal custody of plaintiff and physical custody was placed with the KidsPeace Therapeutic Residential Property. (Def. Ex. E). The record is not exactly clear, but evidently at some point, plaintiff left the KidsPeace program, and defendant determined that she should be placed with foster parents.

---

> may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk;
> (2) has been placed for care or adoption in violation of law;
> (3) has been abandoned by his parents, guardian, or other custodian;
> (4) is without a parent, guardian, or legal custodian;
> (5) while subject to compulsory school attendance is habitually and without justification truant from school;
> (6) has committed a specific act or acts of habitual disobedience of the reasonable and lawful commands of his parent, guardian or other custodian and who is ungovernable and found to be in need of care, treatment or supervision;
> (7) is under the age of ten years and has committed a delinquent act;
> (8) has been formerly adjudicated dependent, and is under the jurisdiction of the court, subject to its conditions or placements and who commits an act which is defined as ungovernable in paragraph (6);
> (9) has been referred pursuant to section 6323 (relating to informal adjustment), and who commits an act which is defined as ungovernable in paragraph (6); or
> (10) is born to a parent whose parental rights with regard to another child have been involuntarily terminated under 23 Pa.C.S. § 2511 (relating to
> grounds for involuntary termination) within three years immediately preceding the date of birth of the child and conduct of the parent poses a risk to the health, safety or welfare of the child.

42 PENN. CONS. STAT. ANN. § 6302.

In order to find foster homes for children such as the plaintiff, the Defendant contracted with Juvenile Rehabilitation Services, Inc. (hereinafter "JRS"). (Def. Ex. F). The defendant relied upon the Commonwealth of Pennsylvania Department of Welfare to run background checks on JRS. ( Def. Ex. H, Linda Vonson Dep. at 16).  The Commonwealth of Pennsylvania Department of Welfare issued a Certificate of Compliance to JRS to provide private children and youth services.  (Def. Ex. G).  The defendant would not have contracted with JRS if the Regional Office of the Department of Welfare failed to approve JRS.  (Def. Ex. H, Linda Vonson Dep. at 16).

The defendant, with the assistance of JRS, placed plaintiff in a foster home with foster parents Sharon Wharburton and Victor Rosario in March 2000.  (Def. Ex. A, Pl. Dep. at 71).  Plaintiff was seventeen years of age at the time.

The Pennsylvania State Police performed a criminal record check of Wharburton and Rosario.  The Police reported that neither had a criminal record.  (Def. Ex. I). Evidently, however, Rosario, was a convicted drug felon and according to the plaintiff, Wharburton has a criminal record the nature of which is unknown.  Nonetheless, Rosario applied for and received a Pennsylvania Child Abuse History Clearance.  Thus "no record existed in the Pennsylvania Department of Public Welfare's statewide Central Registry listing the applicant as a perpetrator of an Indicted or Founded report of child abuse or an Indicted or Founded report for school employees." (Def. Ex. J).

In or around April 2000, Rosario began sexually abusing plaintiff.  (Pl. Dep. At 71).  Rosario and the plaintiff had sexual intercourse approximately ten (10) times from April 2000 through June 2000 while she was his foster child. (Id. at 90).

While in the foster home, the defendant had contact with her on a monthly basis. (Id. at 74).  Additionally, a JRS caseworker visited her on a bi-weekly basis.  (Id.). On July 21, 2000, plaintiff, for the first time, informed the caseworker of the sexual abuse. (Id. at 100; Def. Ex. M, JRS Incident Report).  She was immediately removed from the

foster parents' custody, and a caseworker employed by the defendant arranged for her to be temporarily placed with her natural mother.  (Def. Ex. M).

Subsequently, plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983. She claims that the defendant violated her substantive due process rights guaranteed by the Fourteenth Amendment of the United States Constitution.  Defendant moves for summary judgment.  For the reasons that follow, the motion will be granted.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248 (1986).

A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

For a complete analysis of plaintiff's claims, we must discuss three general topics. These topics are: 1) whether plaintiff has provided evidence to create a genuine issue of material fact regarding the violation of a constitutional right; 2) whether plaintiff has demonstrated a failure to train claim; and 3) whether plaintiff could impose liability against a local government entity pursuant to the Monell line of cases. We will discuss each issue separately.

**I. Constitutional Right to Due Process**

As noted above, the plaintiff has brought suit pursuant to Section 1983. In pertinent part, Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state

law.  Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law.  Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

The parties do not dispute that the defendant is a state actor.  Plaintiff claims that the defendant violated her Fourteenth Amendment right to substantive due process.  Defendant claims that the record fails to support a substantive due process claim.  After a careful review, we agree with the defendant.

Generally, a state's failure to protect an individual from private violence does not give rise to a due process violation no matter how heinous the private act of violence is.  Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).  In some circumstances, however, the state does have a duty of care and protection with regard to certain individuals.  Id.  For example, "when a state places a child in state-regulated foster care, the state has entered into a special relationship with that child which imposes upon it certain affirmative duties.  The failure to perform such duties can give rise, **under sufficiently culpable circumstances**, to liability under section 1983." Id. at 808 (emphasis added).  Substantive due process liability only attaches to actions that are so "ill-conceived or malicious" that they shock the conscience.  Id. at 810.  Mere negligence is insufficient to hold a local governmental entity liable.  Id.

Defendant contends that plaintiff has provided evidence of mere negligence at best.  In support of plaintiff's position an expert report has been generated by Anthony J. Veronico.  (Pl. Ex. E).  Instead of speaking in terms of the defendant's actions being so ill-conceived or malicious so as to shock the conscience, the report concludes that the defendant breached a duty of care.  Accordingly, the report speaks merely to negligence, which is not sufficient to hold a local governmental entity liable under section 1983.

The instant case is similar to the Third Circuit Court of Appeals case Nicini v. Morra, supra.  In that case, the plaintiff, a foster child, brought suit against the county

6

caseworker who allowed him to stay with a guardian who was previously convicted of corrupting the morals of a minor and distribution of controlled substances to a minor. Id. at 804.  The foster child plaintiff asserted that the guardian had sexually assaulted him and provided him with drugs and alcohol.   The plaintiff alleged that the county had a policy of not conducting criminal background checks of voluntary guardians of children in their custody if the guardian resided within the state. Id.  The court concluded that the caseworkers failure to fully investigate the background of the foster father did not "shock the conscience" and amounted to negligence at most. Id. at 811.  Accordingly, the court granted summary judgment to the defendant on the plaintiff's section 1983 claim.  The court indicated that although the plaintiff remained in the home for some time while the abuse proceeded, he never reported the abuse to his caseworker.  The court noted: "Nicini, albeit a minor, was not of such tender years that he was unable to communicate this information.  He was fifteen years old. . . ." Id. at 813.

      Likewise, the plaintiff in this case is asserting a failure to fully investigate, both JRS and the foster parents.   As in Nicini, however, we cannot find the defendants' actions conscious shocking.   Like Nicini, plaintiff is not of "tender years" and was seventeen years of age when the abuse occurred.  She knew how to report the conduct and when she was ready, she did in fact report it.

      Although the plaintiff suffered terrible abuse at the hands of her foster father, under the Constitution, the defendant cannot be held liable for the abuse.  The plaintiff has not submitted sufficient evidence for us to conclude that the defendant acted with the deliberate indifference needed to impose liability upon it.  Plaintiff has failed to provide a cogent explanation of what the defendant did that is conscious shocking.  The uncontested facts indicate that the defendant placed the plaintiff in a foster home with the assistance of a state certified placement agency. Background checks of the foster parents revealed no criminal histories.  When the plaintiff revealed the abuse to the JRS caseworker, she was immediately removed.  While we have sympathy for the plaintiff,

the mere fact that cruel abuse was visited upon her does not render the County liable. Accordingly, judgment will be granted to the defendant.

## II. Failure to train

Plaintiff also advances a section 1983 failure to train theory.[2] In limited circumstances a failure to train claim can support section 1983 liability. Board of the County Commissioners of Bryan County, OK v. Brown, 520 U.S. 397, 407 (1997). The circumstances in which section 1983 claim can be based upon a failure to train is where a training program has been in effect over a period of time and has trained multiple employees. Id. If persons trained in the program commit constitutional violations of which the municipality is aware, and the municipality continues to adhere to the program, conscious disregard for the consequences of the inadequate program may be established, which can lead to municipal liability under section 1983. Id.

In the instant case, the plaintiff has not established an inadequate training program that has been in effect over time and been used to train multiple employees. In addition, they have not established that the defendant was aware that persons trained in the program nonetheless committed constitutional violations.  Plaintiff merely asserts that the caseworker in the instant case was inadequately trained. She has not established the "deliberate indifference" necessary to warrant municipal liability. Id. In fact, plaintiff's brief is almost silent on the issue of failure to train.

Moreover, failure to train only gives rise to constitutional liability if it causes an underlying constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385-86 (1988).  As set forth above, plaintiff has insufficient evidence to establish a constitutional violation, thus, the failure to train claim also fails.

Accordingly, judgment will be granted to the defendant on the plaintiff's failure to

---

[2]Although the law on failure to train cases seems to have developed separately from the law of policy or custom, discussed below, a failure to train case may be viewed as a case where a local governmental entity has adopted a policy of inadequately training its officers.

train claim.

## III. Monell liability

If plaintiff had been able to establish a constitutional violation, she would nonetheless also be required to establish Monell liability.  In order to impose section 1983 upon a local governmental entity, the plaintiff must identify a municipal "policy" or "custom" that caused the violation of plaintiff's constitutional rights.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978).  The United States Supreme Court has explained that: "Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the "moving force" behind the plaintiff's deprivation of federal rights."  Board of County Commissioners of Bryan County, OK v. Brown, 520 U.S. 397, 400 (1997) (emphasis in original).   Thus, a municipality cannot be held liable under a theory of *respondeat superior*.  Id. at 403.  The purpose of requiring the plaintiff to identify a policy or custom is to ensure that "a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  Brown, 520 U.S. at 403-04 citing Monell 436 U.S. at 694.   In the instant case, not only has plaintiff failed to establish the violation of a right, she has also failed to establish that any alleged violation of her right was due to defendant's policy or custom.[3]

Plaintiff indicates that the policy she has identified in the instant case is: Allowing caseworkers to place children in another county and contracting with an outside entity to perform the duty of placing foster children.  We find that this is not a sufficient "policy" to impose liability upon the defendant.  Facially, it is acceptable for the county to

---

[3] Plaintiff has briefed Monell liability as if it is a separate and distinct cause of action from the section 1983 claim.  However, to hold the defendant liable for a constitutional violation the requirements of Monell liability must be met.  Therefore, if plaintiff's cannot establish Monell liability, her whole case fails.

contract with an outside entity to assist a county in the placing of foster children.  In fact, entities are certified by the state Department of Public Welfare to perform such functions.[4]  (Def. Ex. G).

Accordingly, plaintiff asserts that a facially lawful municipal action has led an employee to violate her rights.  In such a situation, the plaintiff must establish that the municipal action "was taken with 'deliberate indifference' as to its known or obvious consequences."  Brown, 520 U.S. at 407  Simple or even heightened negligence is insufficient.  Id.  In the instant case, the plaintiff has failed to present sufficient evidence for us to find the presence of a genuine issue of material fact.  First, the record does not establish who exactly in the County was responsible for the policies that plaintiff identifies.  Second, plaintiff has not demonstrated that it was an obvious or known consequence that someone like the plaintiff would be sexually abused  if the county contracted the duty of placement of foster children to a private entity.  Accordingly, even if plaintiff had established a constitutional due process violation or a failure to train claim, summary judgment would nonetheless be appropriate as the requirements of Monell have not been satisfied.

**Conclusion**

We will grant defendant's motion for summary judgment.  Plaintiff has not established the existence of a genuine issue of material fact with regard to whether the defendant violated her constitutional rights or failed to adequately train its employees.  Moreover, plaintiff has not demonstrated that the local government defendant can be held liable under Monell and its progeny.  It is imperative in this type of case for the plaintiff to present sufficient evidence to support her claims or the court is bound to grant judgment for the defendant.  Unfortunately, for the plaintiff, who has suffered

---

[4] Although at oral argument plaintiff's counsel indicated that the plaintiff was placed in a foster home outside of Wayne County and this placement somehow violated her rights, this issue is not developed at all in the briefing, and we find no merit to it.

grievously at the hands of her foster-father, the evidence needed to maintain her action has not been presented in this case. Accordingly, judgment will be granted to the defendant on plaintiff's complaint. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CRYSTAL JACKSON,** : | **3:02cv1729** |
|       Plaintiff : | |
| : | **(Judge Munley)** |
| **v.** : | |
| : | |
| **COUNTY OF WAYNE,** : | |
| acting in and through the : | |
| **WAYNE COUNTY CHILDREN &** : | |
| **YOUTH SERVICES,** : | |
|       Defendant : | |

## ORDER

    **AND NOW**, to wit, this 31st day of January 2006, the defendant's motion for summary judgment (Doc. 48 ) is hereby granted.  The Clerk of Court is directed to enter judgment in favor of the defendant and against the plaintiff and to close this case.

                                         BY THE COURT:

                                         s/ James M. Munley
                                         JUDGE JAMES M. MUNLEY
                                         United States District Court